205 P.2d 53]

[Civ. No. 14088.   First Dist.; Div. One.   Mar. 2, 1949.]

OIL WORKERS INTL. UNION C. I. O. (an Unincorporated Association), Petitioner, v. THE SUPERIOR COURT OF CONTRA COSTA COUNTY et al., Respondents.

Edises, Treuhaft & Condon, Bertram Edises and Lindsay P. Walden for Petitioner.

Tinning & DeLap for Respondents.

PETERS, P. J.—In order to permit counsel for respondents to preserve their rights by filing a writ of prohibition with the Supreme Court, if they so desire, the following oral opinion is filed and the reporter is directed to prepare copies of this oral opinion and to present them to Mr. Tinning and Mr. Condon and one is to be filed as the order of this court.

The original petition and the writ heretofore issued did not call for the full record.  The petitioner has filed a notice of motion to amend the petition, which as amended in open court pursuant to the order of the court, calls for a full record.  Respondents have made a motion to quash the entire proceedings on the ground that the writ heretofore issued is void inasmuch as it does not call for a full record.  Counsel for respondents concedes that this court has jurisdiction of the parties and the subject matter and that if they filed a demurrer or a stipulation or failed to object, the court could proceed with an incomplete record and concedes that a new petition could be filed right now calling for a full record, but urge that this court is without power to amend its writ already issued and must quash the proceedings.

None of the cases cited go to such an extreme.  No such arbitrary limitations on our power exist.  This court possesses the power to permit an amendment of its writ or to issue a supplemental writ in order to permit a hearing on the merits and in aid of the proper administration of justice.

The motion to quash now before us is denied. The petition to file an amended petition is granted and it is hereby ordered that a supplemental writ of certiorari issue which will provide for the return of the complete record less the documents already filed. The return date for such supplemental writ is fixed as May 1, 1949.

Petitioner is granted until 30 days after the return date to file its opening brief. The respondent 30 days thereafter to file its brief. Petitioner 20 days to file their reply. The cause is then to be placed upon the calendar for oral argument.

The motion of petitioner made in open court to amend the amended petition in two respects is denied. The request of various amici curiae to file briefs on behalf of the petitioner is granted. They are granted until the date fixed for the filing of the petitioner's opening brief to file such briefs. Amici curiae will have no right without further order of the court to file further briefs. The court will not now limit the extent of such amicus curiae briefs, but states that only issues properly raised by the parties will be considered by the court.

The record should indicate that the views here expressed are unanimous.

Ward, J., and Bray, J., concurred.

A petition for a rehearing was denied April 1, 1949, and respondent's (Union Oil Co.) petition for a hearing by the Supreme Court was denied April 28, 1949.